UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEVERTIS VICKERS,

    Petitioner,

-vs-                                      Case No. 8:22-cv-1920-WFJ-MRM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

    Mr. Vickers filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("petition") challenging a 2006 conviction for home invasion robbery entered in case number 06-CF-015118-A (Doc. 1). The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases, and concludes that the petition is subject to summary dismissal.

    Because Petitioner filed his request for federal habeas relief after the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the petition is governed by the provisions thereof. *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts, *see* 28 U.S.C. § 2244(b). *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998). Section 2244(b) provides, in pertinent part, that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider

1

the application." 28 U.S.C. § 2244(b)(3)(A).

Mr. Vickers previously sought federal habeas relief in this Court regarding the conviction he challenges in this action. *See Vickers v. Secretary, Department of Corrections*, Case No. 8:17-cv-2460-EAK-TGW (M.D.Fla.) (petition denied December 5, 2018). The instant petition therefore is a second or successive petition. Mr. Vickers, however, has not shown that he has received authorization from the court of appeals to file a second or successive habeas petition. Consequently, this Court lacks jurisdiction to consider the petition. *See Burton v. Stewart*, 549 U.S. 147, 152–57 (2007) (per curiam) (holding that when a petitioner does not obtain authorization from the appropriate court of appeals to file a second or successive habeas petition in the district court as required by § 2244(b)(3), the district court lacks jurisdiction to consider the petition). Therefore, under § 2244(b)(3), this case will be dismissed without prejudice to Mr. Vickers to seek authorization from the Eleventh Circuit Court of Appeals to file a second or successive habeas corpus petition in this Court.

Accordingly:

1. The petition for a writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice.

2. The **Clerk** is directed to send to Mr. Vickers the Eleventh Circuit's form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b) and close this case.

**ORDERED** in Tampa, Florida, on August 25, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copy to: Levertis Vickers, *pro se*